## Commonwealth v. Hahn et al.

*Leslie H. Simons,* for Commonwealth.

*C. B.* and *J. H. Price,* for defendants.

HOBAN, P. J., May 21, 1948.—Defendants move to quash an indictment laid against them as supervisors of the Township of Roaring Brook, for maintaining a nuisance by failure to repair and keep in passable condition a road in the township. The motion to quash was made on the theory that there was an adjudication that the road in question was not a public road (see no. 867, December sessions, 1931), and that the same charge brought by the same prosecutors on the same premises resulted in an acquittal. See the proceedings to no. 286, October sessions, 1947, where a trial of an indictment against the same defendants, alleging the same offense in the same words with the exception of the effective date of the existence of the alleged nuisance, resulted in a finding of not guilty. That case was tried before President Judge Leach without a jury. The two grounds combined amount to a plea of autre fois acquit. We are both agreed that a motion to quash is not the proper remedy, but that the plea ought to be raised as a matter of defense under the provisions of section 30 of the Criminal Procedure Act of March 31, 1860, P. L. 427, 19 PS §464. We concede, as claimed by counsel for defendants, that on a motion to quash matters extraneous to the record may be considered and if necessary testimony taken to establish facts, but such cases only arise where the questions involved are irregularities in the arrest, procedure before the grand jury or the impaneling of the grand jury itself. Defendants by separate pleas may plead autre fois. acquit and not guilty. In such event the cases hold that the autre fois acquit must be disposed of first before trial on the general issue. See cases collected in note to 19 PS §464.

Now, May 21, 1948, the rule to show cause why the indictment to the above number and term should not be quashed is discharged.